# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IOLANDA MAZZARA,
*on behalf of herself and others similarly situated,*

          Plaintiff,

- against -

KILL DARE, CORP., d/b/a ALLURE, and
JOSEPH JULIANO a.k.a "Buster"

        Defendants.

Civil Action No: 20-cv-9181(ER)

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This agreement ("Agreement") is by and between IOLANDA MAZZARA a/k/a Iolanda

Rodriguez a/k/a Claudia Mazzara a/k/a/ "Sophie" (the "Plaintiff"), and KILL DARE CORP.

d/b/a ALLURE and JOSEPH JULIANO (together, the "Defendants"; Plaintiff and Defendants

are individually referred to as a "Party" and are collectively referred to as the "Parties").

**WHEREAS** Plaintiff, having filed a lawsuit in the United States District Court, Southern

District of New York (the "Court"), against Defendants bearing Civil Action Number 1:20-cv-

9181-ER (the "Civil Action"); and

**WHEREAS** Plaintiff and Defendants seek to amicably resolve any and all matters in

controversy, disputes, causes of action, claims, contentions, and differences between them related

to the Civil Action without any admission of liability by any Party; and

**WHEREAS** Plaintiff, in consultation with her attorney, William Brown, Esq., of the law

firm of Brown Kwon & Lam, LLP, 521 5th Avenue, Suite 1744, New York, NY 10175, has

analyzed and evaluated the merits of the claims made against the Defendants in the Civil Action

and the impact of this Agreement on Plaintiff, and based upon such analysis and the evaluation of

1

a number of factors, recognizing the substantial risks of continued litigation, including the possibility that the Civil Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of Plaintiff; and

**WHEREAS** Defendants, in consultation with their attorney, Jeffrey Pollack, of the law firm of Mintz & Gold, LLP, 600 3rd Avenue, New York, New York 10016, analyzed and evaluated the merits of the claims made against Defendants in the Civil Action and their defenses, and the impact of this Agreement on Defendants, and based upon such analysis and the evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Civil Action, if not settled now, might result in an outcome less favorable to Defendants, Defendants are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in Defendants' best interests; and

**WHEREAS** the parties participated in mediation under the Court's mandatory mediation program to attempt resolution and ultimately reached settlement shortly after said mediation and the settlement is based upon an arms-length negotiations with all parties participating and represented by counsel experienced in wage and hour litigation.

**NOW, THEREFORE**, in consideration for the sums set forth below, Plaintiff and Defendants have reached a full and final compromise and settlement of all matters in controversy, and hereby agree as follows:

1. **No Admission of Liability:** The Parties agree that Defendants do not admit, and expressly deny, any violation of law or any liability related to Plaintiff or to anyone else as a result of, or arising out of or related to, the matters set forth in the Civil Action, or which could have

2

been raised in the Civil Action, or which otherwise involve Plaintiff's alleged employment relationship with Defendants.

**2. Wage and Hour Release:** In consideration of the promises and actions of Defendants set out in this Agreement, including, without limitation, the payments called for herein, Plaintiff does hereby completely, irrevocably, and unconditionally release, hold harmless and does forever discharge Defendants and their representatives, affiliates, officers, agents, directors, attorneys, employees and each and every one of them and their heirs, executors, administrators, successors and assigns, (all of which are hereinafter referred to collectively as the "Defendants and Releasees") both individually and in their official capacities of and from any and all claims and causes of action alleged in the Civil Action, or that could have been alleged in the Civil Action related to wage and hour claims, including, but not limited to, all claims alleged in the Civil Action for any damages, salaries, wages, compensation, spread-of-hours pay, liquidated, statutory, punitive and other damages, statutory penalties, fines, interest, attorneys' fees, and costs for the claims brought under federal, state and/or local law, including but not limited to, claims under the Fair Labor Standards Act, the New York Labor Laws, the New York Wage Theft Prevention Act, and the New York Miscellaneous Industries Wage Order, each as amended.

**3. Dismissal Of Action:** Plaintiff further understands and agrees that this Agreement is made conditional upon a fully executed Stipulation of Dismissal with Prejudice as against Defendants in the form attached hereto as **Exhibit A**, and approval of this Agreement and dismissal of the Civil Action by the Court. The Parties will submit this Agreement to the Court for approval along with a joint motion for its approval if necessary. If the Court fails to approve the Agreement and/or fails to dismiss the Civil Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*, but the parties will work with the Court and cooperate

with each other in an effort to gain such approval. In such case, the parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed. Notwithstanding the foregoing, if the Court requests additional documentation prior to approval and dismissal of the action or the re-submission or re-filing of this Agreement and/or resubmission or re-filing of the motion for Court approval, the terms of this Agreement shall stay in effect unless or until the Court makes a final determination that the parties cannot receive Court approval of the Agreement and that the Civil Action cannot be dismissed with prejudice. If the Court determines that some aspect of this agreement requires modification, the parties shall undertake their best efforts to satisfy the Court. The parties agree that the Court shall retain jurisdiction over the Civil Action until Defendants have fully paid the Settlement Payment set forth in Section 4.

4. **Payment:** In consideration for Plaintiff's dismissal of the Civil Action, Plaintiff's release contained in Paragraph 2, and the mutual promises and agreements set forth in this Agreement, Defendants agree to pay Plaintiff, as full and complete settlement and final satisfaction of any and all of Plaintiff's claims as set forth in this Agreement, the sum of seventeen thousand dollars ($17,000.00) (the "Settlement Payment"), which includes all amounts Plaintiff could have recovered in the Civil Action including but not limited to back wages, interest, liquidated or punitive damages, and attorneys' fees. Such payment shall be paid within ten days following final court approval of this settlement as follows:

> a. One (1) check made payable to "Iolanda Mazzara" in the gross amount of Ten Thousand Nine Hundred Fifty-Four Dollars and Fifty-Three Cents ($10,954.53), for which Respondents will issue a form 1099 to Iolanda Mazzara; and

4

       b. One (1) check made payable to "Brown Kwon & Lam, LLP" for attorneys'
fees and costs, in the amount of Six Thousand Forty-Five Dollars and
Forty-Seven Cents ($6,045.47), for which Respondents will issue an IRS
Form 1099-Misc. to Brown Kwon & Lam, LLP.

All aforementioned payments of the Settlement Payment shall be delivered to "Brown Kwon
& Lam, LLP", as Attorneys for Plaintiff, 521 Fifth Avenue, 17th Floor, New York, New York
10175 by the above-indicated payment deadline.

If the Settlement Sum is not received by Brown Kwon & Lam, LLP within the time frame set
forth in this Section, counsel for Plaintiff shall notify Defendants of the default by email to
Jeffery Pollack, Esq. (pollack@mintzandgold.com), after which, Defendants will have five (5)
business days to cure the default. If the default is not cured within such time, a late penalty will
be assessed equal to 9% annually of the unpaid Settlement Payment.

Plaintiff and her counsel further agree that they will be responsible for any taxes, including any
payroll taxes and income taxes due on the payments pursuant to this Agreement and agree to
indemnify and hold harmless Defendants for any such liability with respect to that payment.
Plaintiff acknowledges that her attorneys' fees and expenses, in the amount of one-third (1/3) of
the settlement in addition to reimbursement for the filing and service, and mediation fees, will be
paid as part of the monies set forth in this Paragraph, and there will be no further or separate
claim for attorneys' fees or expenses.

     5.   The Settlement Payment is conditioned on execution of this Agreement by all the parties,
the Court's approval of the Agreement, Plaintiff delivering a completed, fully-executed IRS Form
W-9 for herself, and Plaintiff's counsel delivering a completed, fully-executed IRS Form W-9 for
Plaintiff's counsel's office, to Defendants' counsel.

**6. No Other Payments or Other Benefits Due and Owing:** Plaintiff hereby acknowledges and agrees that no other payments or benefits of any kind are due and owing to Plaintiff from the Defendants and/or Releasees other than what is set forth in Paragraph 4 of this Agreement.

**7. Income Taxation:** Defendants make no representations or warranties regarding any tax issues relating to the payment provided for herein, and Plaintiff acknowledges that she has not relied upon any advice from Defendants or Defendants' agents, employees, attorneys or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise. If taxes are assessed against Plaintiffs as a result of the payment made hereunder, Plaintiff shall be solely and completely responsible for the payment of such taxes, interest and/or penalties as may be assessed against Plaintiff for federal, state and local income taxes and unemployment taxes, and Plaintiff shall indemnify and hold Defendants and/or Releasees harmless for any such liability, interest or penalties related thereto.

**8. Mutual Non-Disparagement:** Plaintiff and her counsel agree to refrain from making, authorizing, or condoning any untruthful statements, whether oral, written or electronic, including but not limited to on any social or professional networking site or blog, or taking any action, directly or indirectly, that disparages, defames or denigrates the business interests, reputation, or goodwill, or the services or products of each or any of the Defendants and/or Releasees. Defendants agree that the Defendants and Releasees shall refrain from making, authorizing or condoning any untruthful statements, whether oral, written or electronic, including but not limited to on any social or professional networking site or blog, or taking any action, directly or indirectly, that disparages, defames or denigrates Plaintiff. Nothing in this provision shall restrict or limit Plaintiff or Defendants from making truthful statements regarding each Party or restrict or limit Plaintiff or Defendants from making truthful statements regarding this Civil Action.

6

9. **Governing Law.** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Parties agree that the Court shall retain continuing jurisdiction over this Civil Action for purposes of any dispute that may arise out of this Agreement. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Paragraph 2 of this Agreement, which, if found to be invalid or unenforceable, requires that all monies paid hereunder in accordance with Paragraph 4 of this Agreement must be returned to Defendants), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges and agrees that she has not previously transferred, assigned or conveyed any right or claim released in this Agreement. In the event that either of the Parties breaches this Agreement, the Party seeking to enforce this Agreement shall be entitled to seek an award of reasonable attorneys' fees and costs incurred in seeking said enforcement of the terms of this Agreement.

10. **No Representations:** The Parties acknowledge that, in making this Agreement, they relied entirely upon their own judgment, belief and interests and the advice of their respective counsel. The Parties acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, representatives or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the terms and conditions set forth in this Agreement.

11. **Binding Nature of Agreement.** This Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, executors, successors,

assigns and legal representatives. It is expressly recognized that each of the Defendants and Releasees are beneficiaries of this Agreement.

**12. No Construction against Drafter**. All Parties were represented by counsel and had equal input into the drafting of this Agreement. Moreover, all Parties were afforded what they believe to be sufficient time to review this Agreement before signing it. This Agreement is the product of negotiation between Plaintiff and Defendants and shall be deemed as having been prepared jointly by Plaintiff and Defendants. In interpreting the text of this Agreement, no presumption against the drafter of any provision shall be made.

**13. Notices**. Any notices or requests under this Agreement shall be in writing, sent via email and fax to counsel for Plaintiff, William Brown, Esq., and to counsel for Defendants, Jeffrey D. Pollack, Esq. Any notice of breach of this Agreement shall state the following information: (a) the specific nature of the breach, including the specific provision of this Agreement claimed to be breached, and (b) the facts relied upon by the Party giving notice to determine that a breach occurred. Any notices shall be sent as follows:

a. If to Plaintiff:

> William Brown, Esq.
> Brown Kwon & Lam, LLP
> 521 5th Avenue, Suite 1744
> New York, NY 10175
> Tel: (718) 971-0326
> E-mail: wbrown@bkllawyers.com

b. If to Defendants:

> Jeffrey D. Pollack, Esq.
> Mintz & Gold LLP
> 600 Third Avenue, 25th Floor
> New York, New York 10016
> Tel: (212) 696-4848
> E-mail: pollack@mintzandgold.com

8

Counsel for the Parties are obligated to inform each other and their clients of any changes in the address of their offices or telephone or fax numbers.

**14. Multiple Counterparts**: Plaintiff and Defendants agree that this Agreement can be signed in counterparts that, together, shall constitute an original. Plaintiff and Defendants further agree that copies of the executed Agreement shall be deemed as effective as an original.

**15. Headings.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

**16. Breach.** In the event of a breach of this Agreement by Defendants for Plaintiff's failure to receive the payment set forth in Paragraph 4, Plaintiff by her attorney, shall send written notice of such breach by e-mail to Defendants' counsel. Upon notice of such breach, Defendants shall have ten (10) days to cure such breach. If such breach is not cured within ten (10) days, Plaintiff shall be permitted to apply to the District Court for a judgment or for restoration of the case to the court's active calendar, or for any other relief available by law.

**17. Entire Agreement:** This Agreement sets forth the entire Agreement between Plaintiff and Defendants and supersedes, cancels and replaces any and all prior contemporaneous negotiations and all agreement, arrangements, representations or understandings proposed or otherwise, written or oral, between the parties hereto pertaining to the subject matter hereof.

**18. Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the pending Civil Action, except as otherwise specifically stated in this Agreement.

**19. Voluntary Settlement.** Plaintiff hereby represents and warrants that she has entered into this Agreement of her own free will and accord.

9

**20. No Modification except In Writing**.  This Agreement cannot be modified or changed except by writing, signed by the Parties, with specific reference to this Agreement and so ordered by the Court.

**21. Names and Identities.**  Plaintiff represents that the only names she uses or has used in the past seven years are Iolanda Mazzara, Iolanda Rodriguez, Claudia Mazzara and "Sophie."

<u>**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**</u>

The parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

**Accepted and agreed**

_____          8/23/2021
IOLANDA MAZZARA a/k/a IOLANDA           Date
RODRIGUEZ a/k/a CLAUDIA MAZZARA
a/k/a"Sophie"

KILL DARE CORP. d/b/a ALLURE
By: _____

Title: _____               _____
                                          JOSEPH JULIANO    Date
Date: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

10

IOLANDA MAZZARELLA, *Notice and Acknowledgement of Pay Rate and Payday under Section 195.1 of the New York State Labor Law Exempt Employees* *on behalf of herself and others similarly situated,*

Plaintiff,

- against -

Civil Action No: 20-cv-9181(ER)

KILL DARE, CORP., d/b/a ALLURE, and
JOSEPH JULIANO a.k.a "Buster"

Defendants.

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs or attorneys' fees to any party (other than those specified in the Settlement Agreement and Release of Claims), to any party against any other. This Stipulation may be filed with the Court without further notice to any party. This Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

Dated: August _____, 2021

For the Plaintiff:

BROWN KWON & LAM, LLP

By: _____

William Brown, Esq.
*Attorneys for Plaintiff*
521 5th Avenue, Suite 1744
New York NY 10175
Tel: (718) 971-0326
Email: wbrown@bkllawyers.com

For the Defendants:

MINTZ & GOLD LLP

By: _____

Jeffrey D. Pollack, Esq.
*Attorneys for Defendants*
600 Third Avenue – 25th Floor
New York, New York 10016
Tel: (212) 696-4848
Email: pollack@mintzandgold.com

**SO ORDERED:**

_____U.S.D.J,

11