UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IOLANDA MAZZARA,

                  Plaintiff,

–against–

KILL DARE, CORP., d/b/a ALLURE, and
JOSEPH JULIANO, a/k/a BUSTER,

                  Defendants.

**ORDER**

20 Civ. 9181 (ER)

RAMOS, D.J.:

    Iolanda Mazzara brought this putative class and collective action on November 2, 2020, against Kill Dare Corp. and Joseph Juliano, alleging violations of the Fair Labor Standards Act ("FLSA"), various provisions of New York Labor Law ("NYLL"),[1] and the supporting New York State Department of Labor regulations.  Doc. 1.  Mazzara alleges that Defendants failed to pay her the lawful minimum wage; improperly deducted her wages; unlawfully retained her tips; failed to pay spread of hours premiums; failed to timely pay wages; and failed to provide proper wage notice and wage statements.  Before the Court is the parties' motion for settlement approval.  Doc. 25.  For the following reasons, the motion for settlement approval is GRANTED.

    **I.    LEGAL STANDARD**

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances,

---

[1] 29 U.S.C. §§ 201 *et seq.*, NYLL 6 §§ 190 *et seq.*, 7 §§ 200 *et seq*, and 19 §§ 650 *et seq.*

including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

> II.	DISCUSSION
>> A.	Range of Recovery

The proposed settlement agreement provides for a recovery of $17,000.  Doc. 25 at 1. Mazzara's counsel submits an application for one third of the total settlement amount as attorneys' fees ($5,477.26), plus $568.20 for the reimbursement of costs, for a total of $6,045.47. *Id.*  After costs and attorneys' fees, Mazzara will receive $10,954.53.

Mazzara estimates that her range of possible recovery is between $0 and $55,976.68. Doc. 25 at 2.  Specifically, she estimates that she is owed $18,460.34 in unpaid wages and tips and improper wage deductions.  *Id.*  Thus, under the terms of the settlement, Mazzara would recover 92% of her claimed unpaid wages, less attorneys' fees and costs.  She is satisfied that this settlement is fair, reasonable, and adequate.  Doc. 25-1 at 2.

In support of her calculations, Mazzara has included a breakdown of her wages for her employment from May 1, 2019 through March 15, 2020.  *See* Doc. 25-2.  She calculates that she is owed $2,459.34 in total unpaid wages; $16,001.00 in total wage deductions; $18,460.34 in total liquidated damages; $9,056.66 in late payments; and $10,000 in statutory damages for invalid wage notices and invalid wage statements.  *Id.* at 4.

Defendants dispute these figures and "maintain that they have no record of [Mazzara] working for Allure, and as such she is not entitled to any damages." Doc. 25 at 3. The parties agree that "due to the unavailability of some of the evidence . . . there is significant risk in proceeding with the litigation." *Id.* Therefore, in light of these uncertainties and the risk of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Mazzara. The Court finds that the proposed settlement amount is reasonable. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount was a "reasonable compromise of disputed issues") (internal quotation marks and citation omitted).

### B.     Attorneys' fees

The Court finds the proposed attorneys' fees to be reasonable. Mazzara's attorney will receive $5,477.26, or one third of the settlement, along with $568.20 in costs. Doc. 25 at 1. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Mazzara's counsel, a partner at an employment law firm, has submitted billing records indicating a rate of $400 per hour.[2] Doc. 25-3. Such a rate is within the rates typically awarded for FLSA cases in this district, which range from approximately $300 to $400 per hour for partners. *See Santos v. El Tepeyac Butcher Shop Inc.*, No. 15 Civ. 814 (RA), 2015 WL 9077172, at *2 (S.D.N.Y. Dec. 15, 2015) (citations omitted); *Rodriguez v. 3551 Realty Co.*, No. 17 Civ.

---

[2] The records do not indicate that any other attorneys or paralegals performed work on Mazzara's case.

3

6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (while hourly rates of $450 for partners "are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale[.]"). Moreover, the retainer agreement between Mazzara and her counsel provides for a one third contingency fee, Doc. 25 at 3, an amount that is "commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co.*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (citations omitted).

The records submitted by Mazzara's counsel show that he spent 33.8 hours on the case at a $400 rate, resulting in a lodestar of $13,520. Mazzara's counsel seeks $5,477.26 in attorneys' fees, which is less than half of the lodestar amount. Mazzara's counsel also seeks to recover $568.20 in costs for the ECF filing fee and service of process. *See* Doc. 25-3 at 6-7. The Court therefore determines that the requested attorneys' fees and costs of $6,045.47 are reasonable.

### C. Other Provisions

The Court finds all other provisions of the settlement to be fair and reasonable, as it includes no objectionable non-disparagement or confidentiality provisions. *See Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *2–3 (S.D.N.Y. Jan. 20, 2021). With respect to Mazzara's obligations under the agreement, the wage and hour release appropriately discharges only claims and causes of action brought in this action, or that could have been brought in this action, under the FLSA, the NYLL, and related regulations and statutes. Doc. 25-1 at 2; *see Nights of Cabiria*, 96 F. Supp. 3d at 177–81. The settlement agreement also includes a mutual non-disparagement clause. Doc. 25-1 at 6. Because the non-disparagement clause includes a carve-out for truthful statements, it is permissible. *Nights of Cabiria*, 96 F. Supp. 3d at 180 n.65; *accord Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849 at *4 (S.D.N.Y. June 22, 2016); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016).

### III. CONCLUSION

The Court finds that the proposed settlement agreement is fair and reasonable and approves the agreement. The Court hereby dismisses the case with prejudice. The Clerk of Court is respectfully directed to terminate the motion, Doc. 25, and close the case.

It is SO ORDERED.

Dated: October 28, 2021
New York, New York

EDGARDO RAMOS, U.S.D.J.